**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PWFG REO OWNER LLC,

    Plaintiff,

  v.

RONALD JAMES BARBIERI, SHARIE E. BARBIERI, and VICTORIA STEFFEN,

    Defendants.

No. C 12-02590 WHA

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND; DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

### INTRODUCTION

In this action for unlawful detainer following a foreclosure, plaintiff moves to remand the action to the state court where it was filed and also requests an award of attorney's fees and costs. Having considered the briefs submitted by both sides, for the following reasons, plaintiff's motion to remand is **GRANTED** and plaintiff's request for fees and costs is **DENIED**. The hearing scheduled for September 27, 2012 is hereby **VACATED**.

### STATEMENT

Pro se defendant Ronald James Barbieri removed this action to federal court on May 21, 2012. The action is an unlawful detainer action filed by plaintiff PWFG Reo Owner, LLC in Sonoma County Superior Court. Defendant's notice of removal spans 27 pages and includes lengthy argument and denials of allegations in plaintiffs' complaint. The Court construes the notice of removal to contend that jurisdiction is proper based on diversity jurisdiction and federal-question jurisdiction (Notice of Removal ¶ 39).

**ANALYSIS**

Unlike state courts, federal courts are courts of limited jurisdiction. Federal courts have subject-matter jurisdiction only over cases or controversies that the United States Constitution and Congress authorize them to adjudicate. A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation omitted). The removing party has the burden of establishing that federal jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

**A.    DIVERSITY JURISDICTION.**

Both parties appear to be citizens of California. In his opposition brief, defendant appears to concede that diversity jurisdiction is not an issue. For the sake of completeness, however, diversity jurisdiction is addressed below.

*First,* plaintiff alleges that defendant is a citizen of California, as a resident and former owner of the Sonoma County property at issue. Defendant does not dispute this. *Second*, plaintiff's complaint alleges that plaintiff is a limited liability company licensed and registered to do business in California, with its principal place of business in Long Beach. For purposes of determining diversity, a corporation is a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. 1332(c)(1). In the notice of removal, defendant claims that plaintiff is "domiciled in Delaware." Defendant provides no support for this, and does not contest that plaintiff's principal place of business is in California.

Moreover, the amount in controversy must meet or exceed $75,000. 28 U.S.C. 1332(a). Here, the complaint states that the amount demanded is less than $25,000. As neither the

diversity of citizenship nor the amount of controversy requirement is met, diversity jurisdiction is lacking.

### B. FEDERAL-QUESTION JURISDICTION.

Federal-question jurisdiction under Section 1331 exists in "cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Our court of appeals has stated that

> removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry. Thus, the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Plaintiff's complaint, however, alleges one claim for unlawful detainer under California law. Federal law does not create plaintiff's unlawful detainer "cause of action," nor does plaintiff's right to the relief it requests "necessarily depend[] on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27–28. Moreover, plaintiff's defenses that allegedly involve federal securities laws do not suffice to create federal-question jurisdiction. *See Wayne*, 294 F.3d at 1183.

### C. REQUEST FOR ATTORNEY'S FEES AND COSTS.

Plaintiff requests an award of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal," in the amount of $2,500. Awards of attorney's fees and costs under Section 1447 are discretionary. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

3

Plaintiff contends that defendant "clearly . . . filed the removal application to buy time — a last ditch effort to retain his property." Given that defendants are unrepresented, adding a $2,500 debt to their troubles would not serve the interests of justice, so attorney's fees are **DENIED**. *See Cruz v. Wachovia Mortg.*, 775 F.Supp.2d 1188, 1191 (C.D. Cal. 2011).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is **GRANTED** and plaintiff's request for attorney's fees is **DENIED**. The hearing set for September 27, 2012, is **VACATED**. The Clerk shall remand to the Superior Court of California, County of Sonoma. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: September 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4